LAW OFFICES
## WILLIAMS & CONNOLLY LLP

F. GREG BOWMAN
(202) 434-5753
gborden@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 2, 2025

<u>Via ECF</u>
The Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: <u>Martin v. Zagorski</u>, et al., No. 1:25-cv-02715-LJL

Dear Judge Liman:

  We represent five of the six named Defendants in the above-captioned matter: Mark Zagorski; DoubleVerify Holdings, Inc.; Laura Desmond; Davis Noell; and Providence Equity (collectively, the "DoubleVerify Defendants"). Defendant Kate Jhaveri joins in seeking the relief requested in this letter.

  Pursuant to Local Rule 7.1(d) and Paragraphs 1(C), 1(D), and 3(A) of this Court's Individual Practices in Civil Cases, we write to respectfully request that the Court: (1) adjourn the deadline for the parties' submission of a Case Management Plan and associated Scheduling Order until fourteen (14) days after the Court rules on Defendants' pending motions to dismiss; (2) stay discovery pending resolution of Defendants' motions to dismiss; and (3) adjourn the Initial Pretrial Conference currently scheduled for June 16, 2025, *sine die.*

  This is Defendants' first request for adjournment of the Initial Pretrial Conference and associated Case Management Plan deadline, and to stay discovery. Counsel for the DoubleVerify Defendants has conferred by email with *pro se* Plaintiff Jamarlin Martin. Mr. Martin opposes this request. He expressed his concern regarding "any further procedural delays" and emphasized his "commitment to adhering to the June 16th pre-trial conference schedule." Mr. Martin asserts that the Court may have "specific (non-public) reasons for deeming the pre-trial conference essential," and he "believe[s] it important to respect that process." Mr. Martin believes "speed to discovery serves [his] legal interests." Mr. Martin also informed us that he intends to seek leave to amend his complaint in numerous respects, including with additional claims and clarifying changes.

  **<u>Procedural Background</u>**. On March 31, 2025, Mr. Martin filed this case *pro se* asserting claims of (1) employee whistleblower retaliation under the Dodd-Frank Act, 15 U.S.C. § 78u-6(h); (2) conspiracy to infringe upon constitutional rights under 42 U.S.C. § 1985(3); and (3) common-law negligence.

WILLIAMS & CONNOLLY LLP

Hon. Lewis J. Liman
June 2, 2025
Page 2

On May 6, 2025, the DoubleVerify Defendants moved to dismiss the Complaint, arguing that each claim is incurably flawed and that Plaintiff had failed to effect service on four of the five Defendants that we represent. *See* ECF No. 14. The next day, on May 7, 2025, Defendant Kate Jhaveri moved to dismiss, seeking dismissal on the same grounds as the DoubleVerify Defendants and because service was defective. *See* ECF No. 18.

Mr. Martin has not yet filed his response to the pending motions dismiss, having sought and received an extension (to which Defendants did not object) until July 1, 2025. ECF No. 22 at 2; *see also* ECF No. 26 (granting extension). Mr. Martin has informed us that he intends to seek leave to amend his complaint in various respects.

On May 29, 2025, the Court entered a Notice of Initial Pretrial Conference, directing the parties to submit a Case Management Plan and associated Scheduling Order by June 9, 2025, and to appear for an Initial Case Management Conference on June 16, 2025. *See* ECF No. 27.

**Good Cause Exists for the Relief Requested**. "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021) (internal quotes omitted); *see also* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("[T]ogether, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").

1. There is good cause for the Court to modify its May 29, 2025 Order by adjourning the deadline for the parties' Case Management Plan until 14 days after the Court rules on the pending motions to dismiss, staying discovery, and adjourning the Initial Pretrial Conference. Such a schedule modification would promote judicial economy because the motions to dismiss, if granted, would be completely dispositive of the case, and those motions identify serious and likely incurable defects with the complaint. *See Richardson v. City of New York*, 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (treating motion to adjourn initial pretrial conference as motion to stay discovery and granting relief where "Motion to Dismiss may be dispositive of some or all of the case"); *Elisens v. Cayuga Cnty. Mental Health*, 2020 WL 8081938, at *2 (N.D.N.Y. Aug. 26, 2020) (adjourning initial pretrial conference in "interest of judicial economy . . . until a decision on the pending motion to dismiss is issued"). Those defects include:

- Mr. Martin's whistleblower retaliation claim under the Dodd-Frank Act fails, among other reasons, because he has not and cannot allege retaliation in the "terms and conditions of employment" with any of the Defendants because none of the Defendants are alleged to have employed him. 15 U.S.C. § 78u-6(h)(1)(A). *See* Compl. ¶¶ 5, 57.

- Mr. Martin's § 1985(3) claim is likely to be dismissed, among other reasons, because the Second Circuit has "expressly declined to extend § 1985(3) protections to whistleblowers as a protected class." *Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d

WILLIAMS & CONNOLLY LLP
Hon. Lewis J. Liman
June 2, 2025
Page 3

593, 610 (S.D.N.Y. 2015) (citing *Tavoloni v. Mount Sinai Med. Ctr.*, 198 F.3d 235 (Table), 1999 WL 972656, *2 (2d Cir. Oct.1, 1999)).

- Mr. Martin's negligence claim is incurably defective because he lacks standing to assert it, as he has alleged no cognizable relationship or duty.

- Mr. Martin also has failed to effect service on five of the six Defendants in this case: Mark Zagorski, Laura Desmond, Davis Noell, Providence Equity, and Kate Jhaveri.

A stay of discovery is appropriate here because Defendants' "motion[s] present[] 'substantial grounds for dismissal' and [Defendants] ha[ve] made a strong showing that [their] motion[s] to dismiss [are] likely to succeed on the merits," which would make any discovery or related conferences and submissions unnecessary. *Lively v. Wayfarer Studios LLC*, 2025 WL 698287, at *1 (S.D.N.Y. Mar. 4, 2025); *see also Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022).

2. Mr. Martin has also recently expressed his intent to seek leave to amend the complaint, including by adding additional claims. Because the scope of the case cannot be determined until after Mr. Martin files his amended complaint (if permitted to do so), and the Court rules on any renewed motions to dismiss, it would be much more efficient to adjourn the Initial Pretrial Conference until those events have transpired.

3. Defendants have acted with diligence by filing their motions to dismiss promptly, and Defendants have not previously sought to extend any deadlines. In the unlikely event that any claims survive motions to dismiss, Defendants will be prepared to promptly file the proposed Case Management Plan and appear through counsel for the Initial Pretrial Conference.

**The Relief Requested Would Not Prejudice the Plaintiff**. The Plaintiff is "unlikely to be unfairly prejudiced" by the requested adjournments and a related a stay of discovery "while the Court decides the pending motion[s]." *Lively*, 2025 WL 698287, at *2. "[A] brief stay while the Court decides the pending motion to dismiss is not generally considered sufficiently prejudicial to warrant denying a stay of discovery." *See Izuogu v. Credit Agricole Corp. & Inv. Bank*, 2024 WL 4903723, at *2 (S.D.N.Y. Nov. 27, 2024) (ordering stay in *pro se* matter); *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) ("'[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" (citation omitted). That is particularly so here, where Plaintiff has requested and received an extension of his deadline to respond to the motions to dismiss based upon his asserted limited "ability to conduct confidential legal work" for multiple reasons, ECF No. 22 at 2. And that extension will cause the briefing of Defendants' motions to dismiss to continue several weeks beyond the Initial Pretrial Conference that has been scheduled by the Court.

For the foregoing reasons, the Court should thus grant Defendants' motion to adjourn the Case Management Plan deadline and Initial Pretrial Conference and to stay discovery.

**WILLIAMS & CONNOLLY**LLP

Hon. Lewis J. Liman
June 2, 2025
Page 4

                              Respectfully submitted,

                              */s/ F. Greg Bowman*
                              F. Greg Bowman
                              Williams & Connolly LLP
                              650 Fifth Avenue, Suite 1500
                              New York, NY 10019

cc:    All counsel of record (via ECF)

Defendants' motion to adjourn the initial pretrial conference is DENIED. The parties are relieved of the obligation to file a proposed case management plan.

The Court will hear argument on the motion to stay discovery and the anticipated motion to amend the complaint at the initial pretrial conference.

SO ORDERED.

*[signature]*

LEWIS J. LIMAN
United States District Judge

June 3, 2025