```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JAMARLIN MARTIN,                                                       :
                                                                       :
                            Plaintiff,                                 :
                                                                       :        25-cv-2715 (LJL)
        -v-                                                            :
                                                                       :    MEMORANDUM AND
MARK ZAGORSKI, et al.,                                                 :         ORDER
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jamarlin Martin ("Plaintiff") moves pro se to disqualify Yenisey Rodriguez-McCloskey ("Rodriguez-McCloskey") as counsel for Defendant Kate Jhaveri. Dkt. No. 34. The motion is opposed. Dkt. No. 38. The motion is denied.

Disqualification motions are committed to the discretion of the district court. *See Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994); *SEC v. Thurlow*, 2024 WL 5245008, at *2 (S.D.N.Y. Dec. 30, 2024). "The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). "In deciding whether to disqualify an attorney, a district court must balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010) (quoting *Hempstead Video*, 409 F.3d at 132). In general, "motions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010).

The Second Circuit has held that "with rare exceptions," disqualification motions should be granted "only in essentially two kinds of cases: (1) where an attorney's conflict of interests in violation of Canons 5 and 9 of the Code of Professional Responsibility undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation, for example, in violation of Canons 4 and 9, thus giving his present client an unfair advantage." *Nyquist*, 590 F.2d at 1246. "[U]nless an attorney's conduct tends to 'taint the underlying trial' . . . by disturbing the balance of the presentations in one of the two ways indicated above, courts should be quite hesitant to disqualify an attorney." *Id.* (quoting *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir. 1976)); *see also United Sates v. Prevezon Holdings Ltd.*, 839 F.3d 227, 241 (2d Cir. 2016) ("[D]isqualification is called for only where 'an attorney's conduct tends to taint the underlying trial' because federal and state disciplinary mechanisms suffice for other ethical violations." (quoting *Nyquist*, 590 F.2d at 1246)); *Vilella v. PUP Culture LLC*, 2024 WL 1407059, at *1 (S.D.N.Y. Apr. 2, 2024); *Razzoli v. City of New York*, 2021 WL 162029, at *1 (S.D.N.Y. Jan. 19, 2021); *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, 366 F. Supp. 3d 567, 571 (S.D.N.Y. 2019).

"Any doubt should be resolved in favor of disqualification . . . but the party seeking disqualification must carry a heavy burden . . . and meet a high standard of proof before a lawyer is disqualified." *Twin Lab'ys, Inc. v. Weider Health & Fitness*, 1989 WL 49368, at *4 (S.D.N.Y. May 4, 1989) (internal citations and quotations omitted). However, "[i]n a case where the divulging of client confidences is at issue, speculation will not suffice to grant a motion to disqualify." *Benevida Foods, LLC v. Advance Mag. Publishers Inc.*, 2016 WL 3453342, at *10 (S.D.N.Y. June 15, 2016) (internal citations and quotations omitted). The New York Rules of

2

Professional Conduct prohibit adverse representation only where a lawyer receives information from a prospective client that could be "significantly harmful" to the prospective client if used in the litigation at issue. *See Sellick v. Town of Glenville*, 2024 WL 3823212, at *6 (N.D.N.Y. Aug. 14, 2024) (quoting N.Y. R. Pro. Conduct 1.18(c)).

Plaintiff has failed to show that Rodriguez-McCloskey received any information from or about him that could be harmful in this action or any other basis for disqualification. Plaintiff's motion hinges upon an email that he received in December 2023 about a prior litigation in this Court. *See Martin v. Outbrain Inc.*, No. 23-cv-9204 (S.D.N.Y. filed Oct. 19, 2023). Plaintiff's prior counsel reported that he had spoken with an "attorney contact" of his about representing Plaintiff in that prior action and that the attorney contact had reported that she could not be involved because she had previously represented a party on the other side of the case. *See* Dkt. No. 39-2. That attorney contact was Rodriguez-McCloskey. Dkt. No. 38 ¶¶ 3–6. Rodriguez-McCloskey verifies that she received the call and states that, after confirming that she in fact recognized the name of the defendant in the prior litigation as a former client, she promptly so informed Plaintiff's counsel. *Id.* ¶¶ 5–9. She declined the representation that day. *Id.* ¶ 9. Rodriguez-McCloskey affirms that the conversation regarding Plaintiff was "fleeting" and "brief" and that "no confidential or privileged disclosures were made." *Id.* ¶¶ 6, 10. Plaintiff's prior counsel subsequently confirmed that he did not discuss anything with Rodriguez-McCloskey of a confidential nature or provide her any confidential information. Dkt. No. 38-4. Plaintiff has adduced no evidence to the contrary.

The other bases for disqualification are without merit. The motion for disqualification is denied.

The motion to lift the stay of discovery is also denied, as Plaintiff has identified no

3

changed circumstances justifying that relief. *See* Dkt. No. 33. To the extent Plaintiff seeks an extension of the deadline to file an amended complaint, that request is denied for the same reasons.

    SO ORDERED.

Dated: July 31, 2025
      New York, New York

                                                LEWIS J. LIMAN
                                           United States District Judge